IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-087 |
| | ) | |
| SHERIFF LYNN SHEFFIELD; CPT. SID ANDREWS; LT. BARRANTINE; and SGT. DANIALS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Lynn Sheffield, Sheriff; (2) Sid Andrews, Captain; (3) FNU Barrantine, Lieutenant; (4) FNU Danials, Sergeant. (Doc. no. 1, p. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 12, 2019, Sheriff Chris Stevenson transferred Plaintiff from Telfair County Jail ("TCJ") to DCJ for filing grievances related to TCJ. (Id. at 6.) On March 15, 2019, Plaintiff

requested law library access, or any law references, to Captain Andrews at DCJ. (Id.) Captain Andrews responded he did not have to provide any law material to inmates for either criminal or civil matters. (Id.) Plaintiff made the same request and received the same response multiple times. (Id.) On November 4, 2019, after returning back to DCJ, Plaintiff again asked Andrews for law materials, and he responded, stating he spoke to a district attorney, who told Captain Andrews he does not have to provide law library access and was not about to start. (Id.) Plaintiff alleges the only legal reference he has access to is a book titled "The Jail House Lawyers Handbook," but the book only states basic ways to file claims and not any case law. (Id.)

On May 6, 2019, Captain Andrews and Sergeant Danials shot Plaintiff with a taser at the recreational Yard at DCJ. (Id.) While being shot with the taser, Plaintiff was on his knees, and his hands were behind his back, trying to explain the situation and providing no resistance. (Id.) Five to six other officers, including Lieutenant Barrantine, surrounded Plaintiff with their tasers pointed at him. (Id.) Afterwards, unknown officers transported Plaintiff directly to the "hole" without any medical attention even though Plaintiff had four open wounds in his body from the taser prongs. (Id. at 6-7.) Based on Plaintiff's injuries and history of chronic hypertension, Plaintiff banged on his cell door and pressed the intercom for officer and medical attention. (Id. at 7.) Plaintiff alleges a nurse can attest to him not receiving any medical care. (Id. at 8.) Unknown officers denied Plaintiff's requests. (Id.) Plaintiff passed out for an unknown length of time after being denied medical help. (Id. at 7.) Two deputies woke Plaintiff up to transport him to Laurens County Jail ("LCJ"). (Id.)

Additionally, on May 6, 2019, Plaintiff told Captain Andrews he would file suit against

him for tasing him and not providing medical attention. (Id.)  For relief, Plaintiff requests $20,000 in compensatory damages and $100,000 in punitive damages split between Captain Andrews and Sergeant Danials. (Id. at 9.)

**B.     DISCUSSION**

  **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is

insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Sheriff Sheffield and Lieutenant Barrantine

First as to Sheriff Sheffield, the Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff never alleges any facts concerning Sheriff Sheffield. Therefore, Sheriff Sheffield should be dismissed from the case.

As to Lieutenant Barrantine, Plaintiff fails to allege facts connecting Lieutenant Barrantine to any constitutional violation. Plaintiff only alleges Lieutenant Barrantine pointed his taser gun at Plaintiff after Captain Andrews and Sergeant Danials shot him with

4

their tasers. (Doc. no. 1, p. 6.) "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." Velazquez v. City of Hialeah, 484 F.3d 1340, 1341 (11th Cir. 2007) (quoting Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)). Plaintiff fails to allege any excessive force by Lieutenant Barrantine. Further, Plaintiff does not allege Lieutenant Barrantine was present at the scene prior to the tasing, or had knowledge in advance of the tasing, such that he could take reasonable steps to protect Plaintiff from Captain Andrews and Sergeant Danials allegedly using excessive force. Therefore, Plaintiff fails to state a claim against Lieutenant Barrantine, and he should be dismissed.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

Plaintiff alleges he was taken straight to the "hole" after being tased even though Plaintiff had four open wounds in his body from the taser prongs. (Doc. no. 1, pp. 7.) Once there, Plaintiff repeatedly pressed the intercom for officer and medical attention because of his chronic hypertension, before passing out for an unknown amount of time. (Id.) To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at

1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).[1] The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353,

---

[1] The Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims; however, the nomenclature need not delay the Court because the standards are the same. Goebert, 510 F.3d at 1326.

6

1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).  Furthermore, the Court should not second-guess medical judgments.  Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff fails to allege a serious medical need by describing merely four taser prong "holes" in his leg.  He does not allege there was any excessive bleeding or any complications from the leg sores that obviously necessitated immediate medical attention.  Plaintiff alleges he requested medical attention because of his hypertension and was denied any assistance, but he fails to allege he was suffering from any alarming symptoms of hypertension that would have obviously required immediate medical attention, much less that he communicated to Defendants such symptoms when he requested medical assistance.  Plaintiff further alleges he eventually passed out in his cell, and two deputies woke him up for transport to LCJ.  Plaintiff did not include those deputies as defendants, and even if he had, there would be no claim because there is no suggestion they had any knowledge Plaintiff had "passed out."  At most, it appears they believed he was asleep, and awoke him without incident for the transport.  Therefore, Plaintiff

7

fails to state a claim of deliberate indifference to his serious medical needs against any Defendant.

### 4. Plaintiff Fails to State a Retaliation Claim Against Defendants

Plaintiff fails to state a viable retaliation claim. Plaintiff alleges Captain Andrews and Sergeant Danials retaliated against him by transferring him from DCJ to LCJ the same day Captain Andrews and Sergeant Danials tased him. (Doc. no. 1, p. 8.) Under the First Amendment, jail officials may not retaliate against pre-trial detainees for filing lawsuits or administrative grievances. See Jacoby v. Baldwin Cty, 666 F. App'x 759, 762-63 (11th Cir. 2016) (discussing elements of pretrial detainee retaliatory transfer claim under the First Amendment). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A pretrial detainee may state a cognizable § 1983 claim by alleging the actions of jail officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005), the Eleventh Circuit clarified the standard

for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights."

Here, Plaintiff fails to establish the requisite casual connection between his transfer and the statement made to Captain Andrews about filing a lawsuit for being tased. Plaintiff fails to allege any facts showing any Defendant was responsible for his transfer or even had knowledge of the transfer. Further, Plaintiff fails to show how his transfer to LCJ had any adverse effect on his protected speech. Thus, Plaintiff fails to state a retaliation claim against Defendants.

### 5.     Plaintiff Fails to State a Claim for Denial of Access to Courts

Plaintiff's claim that Captain Andrews denied Plaintiff access to a law library or law references falls under the constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 97 (1977) ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries"). To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998). Here, Plaintiff alleges no facts indicating any legal proceeding has been impeded. Further, it is clear from the filing of this case that Plaintiff is not been hindered in

9

his ability to litigate this case. Redd v. Conway, 160 F. App'x 858, 862-63 (11th Cir. 2005) (affirming dismissal of access to courts claim because pretrial detainee only alleged he was not provided with adequate legal supplies or access to a law library and did not allege any legal claims were hindered). Accordingly, Plaintiff's right of access to the courts claim should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for deliberate indifference to serious medical need, access to courts, retaliation, failure to intervene against Lieutenant Barrantine, and his claims against Sheriff Sheffield be **DISMISSED** for failure to state a claim upon which relief may be granted, and Sheriff Sheffield and Lieutenant Barrantine be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's excessive force claims against Captain Andrews and Sergeant Danials.

SO REPORTED and RECOMMENDED this 30th day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA