IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-087 |
| | ) | |
| SHERIFF LYNN SHEFFIELD; CPT. SID ANDREWS; LT. BARRANTINE; and SGT. DANIALS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a pre-trial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.     SCREENING OF THE COMPLAINT**

Plaintiff names as Defendants: (1) Lynn Sheffield, Sheriff; (2) Sid Andrews, Captain; (3) FNU Barrantine, Lieutenant; (4) FNU Danials, Sergeant. (Doc. no. 1, p. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 12, 2019, Sheriff Chris Stevenson transferred Plaintiff from Telfair County Jail ("TCJ") to DCJ for filing grievances related to TCJ. (Id. at 6.) On March 15, 2019, Plaintiff

requested law library access, or any law references, to Captain Andrews at DCJ. (Id.) Captain Andrews responded he did not have to provide any law material to inmates for either criminal or civil matters. (Id.) Plaintiff made the same request and received the same response multiple times. (Id.) On November 4, 2019, after returning back to DCJ, Plaintiff again asked Andrews for law materials, and he responded, stating he spoke to a district attorney, who told Captain Andrews he does not have to provide law library access and was not about to start. (Id.) Plaintiff alleges the only legal reference he has access to is a book titled "The Jail House Lawyers Handbook," but the book only states basic ways to file claims and not any case law. (Id.)

On May 6, 2019, Captain Andrews and Sergeant Danials shot Plaintiff with a taser at the recreational Yard at DCJ. (Id.) While being shot with the taser, Plaintiff was on his knees, and his hands were behind his back, trying to explain the situation and providing no resistance. (Id.) Five to six other officers, including Lieutenant Barrantine, surrounded Plaintiff with their tasers pointed at him. (Id.) Afterwards, unknown officers transported Plaintiff directly to the "hole" without any medical attention even though Plaintiff had four open wounds in his body from the taser prongs. (Id. at 6-7.) Based on Plaintiff's injuries and history of chronic hypertension, Plaintiff banged on his cell door and pressed the intercom for officer and medical attention. (Id. at 7.) Plaintiff alleges a nurse can attest to him not receiving any medical care. (Id. at 8.) Unknown officers denied Plaintiff's requests. (Id.) Plaintiff passed out for an unknown length of time after being denied medical help. (Id. at 7.) Two deputies woke Plaintiff up to transport him to Laurens County Jail ("LCJ"). (Id.)

Additionally, on May 6, 2019, Plaintiff told Captain Andrews he would file suit against him for tasing him and not providing medical attention. (Id.) For relief, Plaintiff requests

2

$20,000 in compensatory damages and $100,000 in punitive damages split between Captain Andrews and Sergeant Danials. (Id. at 9.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated viable excessive force claims against Captain Andrews and Sergeant Danials. See Robinson v. Lambert, 753 F. App'x 777, 780 (11th Cir. 2018) ("For an excessive force claim, a pretrial detainee must show that the force used against him was objectively unreasonable." (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015))). Accordingly, process shall issue as to Captain Andrews and Sergeant Danials. In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims for deliberate indifference to serious medical need, access to courts, retaliation, failure to intervene against Lieutenant Barrantine, his claims against Sheriff Sheffield, and Sheriff Sheffield and Lieutenant Barrantine be dismissed from this case.

## II.  INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Captain Andrews and Sergeant Danials. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days

3

of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.  The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. <u>See</u> Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. <u>Id.</u> Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

5

motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 30th day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA