IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-087 |
| | ) | |
| SHERIFF LYNN SHEFFIELD; CPT. SID ANDREWS; LT. BARRANTINE; and SGT. DANIALS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Lynn Sheffield, Sheriff; (2) Sid Andrews, Captain; (3) FNU Barrantine, Lieutenant; (4) FNU Danials, Sergeant. (Doc. no. 27, p. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 12, 2019, Sheriff Chris Stevenson transferred Plaintiff from Telfair County Jail ("TCJ") to DCJ for filing grievances and a newspaper article on TCJ living condition. (Id. at

12.) In April, 2019, Plaintiff requested law library access, or any law references, from Captain Andrews at DCJ. (Id.) On April 4, 2019, Captain Andrews responded, "I don't have to provide a law library." (Id.) Plaintiff continued to make the same request for legal references, but Captain Andrews denied him every time. (Id. at 13.) Plaintiff alleges Captain Andrews' denial of legal references has impeded his prosecution of a civil case in state court, where Plaintiff has been ordered to forfeit property. (Id. at 13, 18-27.) Plaintiff also alleges the denial of access to legal references has hindered Plaintiff's ability to respond to "motions, defenses, and objections" in another case before this court, i.e. Killens v. Steverson, CV 319-027 (S.D. Ga. April 8, 2019) (hereinafter "CV 319-027"). (Id. at 13.)

On May 6, 2019, Plaintiff waited in the recreation yard at DCJ to speak with Captain Andrews. (Id. at 15, 17.) Captain Andrews arrived with Lieutenant Barrantine, Sergeant Danials, and four to six other deputies, each with their hands on their tasers. (Id.) Messrs. Andrews, Barrantine, and Danials then pointed their tasers at Plaintiff and were ready to shoot. (Id.) They all gave Plaintiff verbal commands to get on his knees. (Id.) Plaintiff stepped over a water puddle and attempted to kneel with his hands behind his head, but Captain Andrews fired his taser at Plaintiff. (Id. at 16-17.) Plaintiff's body locked up as he went to the ground, and roughly two minutes later, Sergeant Danials shot Plaintiff with his taser. (Id.) Sergeant King then cuffed Plaintiff and took him to "D-Pod." (Id. at 17.)

After being shot by Sergeant Danials, Plaintiff felt extremely lightheaded and dizzy and felt his blood pressure was not normal. (Id. at 16.) A doctor had diagnosed Plaintiff with hypertension, which Plaintiff alleges can result in "blinking out," strokes, and seizures. (Id.) Plaintiff then told Captain Andrews he was lightheaded and dizzy. (Id.) Plaintiff then requested

2

medical care from Captain Andrews because of these symptoms. (Id.) Plaintiff alleges Captain Andrews cursed, showed wanton behavior, and disregarded his duties as jail administrator. (Id.) Afterwards, Plaintiff alleges he passed out for an unknown time and had severe headaches, dizziness, and light headedness. (Id. at 17.)

Later on that day, Captain Andrews and Sheriff Sheffield transferred Plaintiff to Laurens County Jail ("LCJ"), which hindered Plaintiff's ability to obtain evidence, write grievances, and discover the names of inmates and other officers as witnesses of Plaintiff being tasered. (Id. at 14.) While being moved from the rec yard to "D-Pod", Plaintiff told Captain Andrews and Sergeant Danials he would file grievances for using excessive force against him and not giving Plaintiff medical care. (Id.) Plaintiff also stated he would file a grievance against Captain Andrews for "his wanton behavior." (Id.) Once Plaintiff was placed in a cell at D-Pod, Captain Andrews told Plaintiff he would make Plaintiff disappear if he kept running his mouth. (Id. at 15.) Two hours later, Plaintiff was transferred to LCJ for six months, where he lost contact with witnesses and officers and visitation with family. (Id.)

For relief, Plaintiff requests $100,000 in compensatory damages and $200,000 in punitive damages. (Id. at 5.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal

4

construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

Plaintiff alleges he told Captain Andrews he felt was extremely lightheaded and dizzy after being tased. (Doc no. 27, p. 16.) Plaintiff further alleges he feared these symptoms were a result of his hypertension. (Id.) To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235,

1243 (11th Cir. 2003).[1]  The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).  Furthermore, the Court should not second-guess medical judgments.  Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic

---

[1] The Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims; however, the nomenclature need not delay the Court because the standards are the same. Goebert, 510 F.3d at 1326.

techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff fails to allege a serious medical need by merely alleging he was tased and felt lightheaded and dizzy, fearing his hypertension was affecting him. He does not allege there was any excessive bleeding or any complications that obviously necessitated immediate medical attention. Although Plaintiff alleges he requested medical attention because he felt lightheaded and dizzy and was denied any assistance, he fails to allege he was suffering from any alarming symptoms of hypertension that would have obviously required immediate medical attention, much less that he communicated to Captain Andrews such symptoms when he requested medical assistance. In fact, Plaintiff only alleges he told Captain Andrews about feeling lightheaded and dizzy, and not his hypertension. (Doc. no. 27, p. 16.) Therefore, Plaintiff fails to state a claim of deliberate indifference to his serious medical needs against any Defendant.

### 3. Plaintiff Fails to State a Retaliation Claim Against Sheriff Sheffield

Plaintiff alleges Sheriff Sheffield retaliated against him by transferring him from DCJ to LCJ the same day Captain Andrews and Sergeant Danials tased him. (Doc. no. 27, p. 12-13.) Under the First Amendment, jail officials may not retaliate against pre-trial detainees for filing lawsuits or administrative grievances. See Jacoby v. Baldwin Cty, 666 F. App'x 759, 762-63 (11th Cir. 2016) (discussing elements of pretrial detainee retaliatory transfer claim under the First Amendment). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that

7

right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A pretrial detainee may state a cognizable § 1983 claim by alleging the actions of jail officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights."

Here, Plaintiff fails to establish the requisite casual connection between his transfer, the statement made to Captain Andrews about filing a lawsuit for being tased, and Sheriff Sheffield. Plaintiff fails to allege any facts showing Sheriff Sheffield had knowledge of Plaintiff being tased and transferred Plaintiff based on that knowledge. Thus, Plaintiff fails to state a retaliation claim against Sheriff Sheffield. Sheriff Sheffield should also be dismissed because Plaintiff does not allege any other facts concerning him.

### 5. Plaintiff Fails to State a Claim for Denial of Access to Courts

Plaintiff's claim that Captain Andrews denied Plaintiff access to a law library or law references falls under the constitutional right of access to the courts. See Bounds v. Smith, 430

U.S. 817, 97 (1977) ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries"). To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

Although Plaintiff alleges he experienced adverse decisions in one state civil case and CV 319-027 as a result of Captain Andrews denying Plaintiff access to a law library or legal references, Plaintiff fails to allege how the outcomes in the cases he received adverse decisions would have been different if he had better access to legal references or a law library. In other words, Plaintiff has failed to allege he would have prevailed if he had the access to the legal recourses he desires. See Daker v. Warren, 660 F. App'x 737, 741 (11th Cir. 2016) (holding pretrial detainee could not prevail on access to court claim where detainee failed to show he would have been successful if it were not for inadequate access to a law library). Further, although Plaintiff generally alleges he was "hindered" in his ability to litigate the two above civil cases, Plaintiff does not specify how he has been hindered or provide any facts showing his ability to actually litigate or present argument in any case was impeded. Redd v. Conway, 160 F. App'x 858, 862-63 (11th Cir. 2005) (affirming dismissal of access to courts claim because pretrial detainee only alleged he was not provided with adequate legal supplies or access to a law

9

library and did not allege he was stopped from litigating). Accordingly, Plaintiff's right of access to the courts claim should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for retaliation against Sheriff Sheffield, deliberate indifference to serious medical need against Captain Andrews, and denial of access to courts claim against Captain Andrews be **DISMISSED** for failure to state a claim upon which relief may be granted, and Sheriff Sheffield be **DISMISSED** from this case. In a companion Order, the Court has allowed to proceed Plaintiff's excessive force claims against Captain Andrews and Sergeant Danials, failure to intervene claim against Lieutenant Barrantine, and retaliation claim against Captain Andrews.

SO REPORTED and RECOMMENDED this 30th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA